UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVY PETTIGREW,

                              Plaintiff,

              -against-

NATIONAL RECOVERY SOLUTIONS LLC,

                              Defendant.

25-CV-0972 (JAV)

ORDER OF SERVICE

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Federal Credit Reporting

Act, 15 U.S.C. §§ 1681-1681x, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692n,

and New York State General Business Law § 349, alleging that Defendant National Recovery

Solutions LLC did not have a permissible purpose when it accessed Plaintiff's TransUnion

consumer report. By order dated February 6, 2025, the Court granted Plaintiff's request to

proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)).

---

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a
summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP
and could not have effected service until the Court reviewed the complaint and ordered that any
summonses be issued. The Court therefore extends the time to serve until 90 days after the date
any summonses issue.

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant, complete the USM-285 form with the address for Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff may receive court documents by email by completing the form, Consent to Electronic Service.[2]

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    February 19, 2025
          New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

National Recovery Solutions LLC
6425 Dysinger Road
Lockport, NY 14094